UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------------------------------x

WILLIAM RIVERA,

                  Plaintiff,

      -v-                                          No. 14-CV-1205-LTS

BALTER SALES CO. INC. et al.,

                  Defendants.

--------------------------------------------------------x

## MEMORANDUM OPINION AND ORDER

        Plaintiff William Rivera ("Plaintiff") brings this employment discrimination

action against his former employer, Balter Sales Co. Inc. ("BSC"), his former supervisors, Marc

Balter[1] ("Marc") and Lori Balter ("Lori"), and an attorney for BSC and the Balters, Michael

McGuire ("McGuire") (collectively, "Defendants").  Plaintiff asserts a claim for failure to

provide leave pursuant to the Family and Medical Leave Act ("FMLA"), 29 U.S.C. §§ 2601 et

seq.; claims for failure to provide reasonable accommodation pursuant to the New York State

Human Rights Law (the "NYSHRL"), N.Y. Exec. Law §§ 290 et seq., and the New York City

Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code §§ 8-101 et seq.; employment

discrimination claims pursuant to the FMLA, the Americans with Disabilities Act ("ADA"), 42

U.S.C. §§ 12101 et seq., the NYSHRL, and the NYCHRL; and a claim for aiding and abetting

discrimination pursuant to the NYSHRL.  Plaintiff also asserts a false arrest claim under New

York common law.

---

[1]      Defendants note that Defendant Marc Balter's first name was improperly spelled
as "Mark" in the Complaint.  Defs.' Mem. of Law at 2.

Defendants now move to dismiss Plaintiff's FMLA claims (First and Second Causes of Action), the NYSHRL claim against Defendant McGuire for aiding and abetting discriminatory conduct (Seventh Cause of Action), and the false arrest claim (Eleventh Cause of Action), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state a claim upon which relief can be granted.

The Court has jurisdiction of this action pursuant to 28 U.S.C. §§ 1331 and 1367. The Court has considered carefully all of the parties' submissions in connection with the motion. For the following reasons, the Court (i) grants Defendants' motion to dismiss the FMLA claims; (ii) denies Defendants' motion to dismiss the NYSHRL claim against Defendant McGuire; and (iii) denies Defendants' motion to dismiss the false arrest claim.

BACKGROUND

The following facts are taken from the Complaint and are presumed to be true for the purposes of this motion.  On or about October 12, 2000, Plaintiff began working full-time for BSC.  Marc and Lori Balter were owners of BSC, and had supervisory authority over Plaintiff. When Plaintiff was hired, he informed Marc and Lori that he had diabetes.  (Compl. ¶¶ 1–28.)

Plaintiff underwent surgery for treatment of a diabetic foot ulcer on two occasions, in June and December 2011 respectively.  Contrary to his doctor's instructions, he was not put on light duty when he returned to work.  He was also harassed by Defendant Marc at work. (Compl. ¶¶ 29–40.)

On or about April 27, 2012, Plaintiff informed Defendants Marc and Lori that he needed to go to the hospital immediately because his foot was hurting.  Marc responded, "If you walk past this line, you're fired."  (Compl. ¶¶ 41–42.)  Plaintiff left the premises to go to the doctor.  He was terminated immediately thereafter.  (Compl. ¶¶ 43–45.)

Plaintiff adds that he submitted affidavits on two separate occasions, on or about February 9, 2012, and January 16, 2013, in support of his former co-worker, Raymond Rosas, who had filed employment discrimination claims against Defendants BSC, Marc and Lori Balter. (Compl. ¶¶ 54–57.)

On or about October 15, 2012, Plaintiff filed a charge of disability discrimination and retaliation with the Equal Employment Opportunities Commission ("EEOC") (EEOC Charge No. 520-2013-00169).  (Compl. ¶ 5.)

A mediation session was scheduled on March 19, 2013, for Plaintiff's EEOC charge.  On or about March 18, 2013, Defendant McGuire and EEOC Mediator, Deborah Reik, participated in a telephone conference in anticipation of the mediation.  When Plaintiff arrived for the mediation the next day, he was arrested by the police on charges of having stolen money from Defendants BSC, Marc and Lori Balter during his employment.  (Compl. ¶¶ 58–65.) Plaintiff alleges that Defendants used the conference call and the mediation itself "in bad faith to lure Plaintiff to the EEOC offices, so that Plaintiff could be arrested under the false accusations." (Compl. ¶ 66.)

Plaintiff subsequently filed another charge of retaliation with the EEOC (EEOC Charge No. 520-2013-01555) specifically for the arrest.  In connection with this charge, the EEOC "determined that there is reasonable cause to believe [Defendant Balter Sales] has retaliated against [the Plaintiff] for his participation in a protected activity."  (Compl. ¶¶ 67–68.)

<u>DISCUSSION</u>

In deciding a motion to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), the allegations in the complaint are accepted as true, and all reasonable

inferences are drawn in the plaintiff's favor.  <u>McCarthy v. Dun & Bradstreet Corp.</u>, 482 F.3d 184, 191 (2d Cir. 2007); <u>S.E.C. v. Lyon</u>, 529 F. Supp. 2d 444, 449 (S.D.N.Y. 2008).  To survive a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007); <u>see</u> <u>also</u> <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 679 (2009) ("[O]nly a complaint that states a plausible claim for relief survives a motion to dismiss.").  To state a plausible claim to relief, a complaint's "[f]actual allegations must be enough to raise a right to relief above the speculative level."  <u>Twombly</u>, 550 U.S. at 555. The Court's function on a motion to dismiss is not to "weigh the evidence that might be presented at trial but merely to determine whether the complaint itself is legally sufficient." <u>Goldman v. Belden</u>, 754 F.2d 1059, 1067 (2d Cir.1985).

<u>FMLA Claims</u>

The FMLA provides an "eligible employee" the right to "a total of 12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee."  29 U.S.C. § 2612(a).  It is "unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]," 29 U.S.C. § 2615(a)(1), or "to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by [the FMLA]."  <u>Id.</u> § 2615(a)(2).

To show that he is an "eligible employee," Plaintiff must first demonstrate that BSC is an "employer" as defined in the FMLA.  The term "employer" is defined as "any person engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day during each of 20 or more calendar workweeks in the current or preceding calendar year."  29 U.S.C. § 2611(4)(A)(i).

Plaintiff's complaint does not contain facts indicating that BSC meets the threshold 50-employee requirement.  Defendants specifically contend that BSC "employed approximately 35 individuals during the relevant time period," and represent in their Notice of Motion that, when Plaintiff's counsel was given pre-motion notification of this fact, counsel represented that the FMLA claims would be withdrawn.  (Defs.' Mem. of Law at 2; Notice of Motion at 2.)  Plaintiff has not responded to Defendants' arguments concerning the FMLA claims in his opposition to the motion.  A plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitutes an abandonment of those claims.  See e.g., McLeod v. Verizon New York, Inc., 995 F. Supp. 2d 134, 143–144 (E.D.N.Y. 2014) ("[C]ourts in this circuit have held that '[a] plaintiff's failure to respond to contentions raised in a motion to dismiss claims constitute an abandonment of those claims.'");  Volunteer Fire Ass'n of Tappan, Inc. v. Cnty. of Rockland, No. 09 CIV 4622(CS), 2010 WL 4968247, at *7 (S.D.N.Y. Nov. 24, 2010) ("Ordinarily . . . when a plaintiff fails to address a defendant's arguments on a motion to dismiss a claim, the claim is deemed abandoned, and dismissal is warranted on that ground alone.").  See also In re Adelphia Commc'ns Corp. Sec. & Derivative Litig., No. 03 MDL 1529(JMF), 2013 WL 6838899, at *13 (S.D.N.Y. Dec. 27, 2013) ("[The] [p]laintiffs did not respond to [the defendant's] arguments with respect to their indemnity claim in their memorandum of law in opposition to the motion to dismiss.  Thus, the indemnity claim is deemed abandoned and dismissed on that basis.").

Accordingly, Defendants' motion is granted insofar as it seeks the dismissal of Plaintiff's FMLA claims for failure to provide leave under 29 U.S.C. § 2612 (First Cause of Action) and for retaliation and interference under 29 U.S.C. § 2615 (Second Cause of Action).

<u>Aiding and Abetting Claim under NYSHRL against Defendant McGuire</u>

        Defendants also move to dismiss Plaintiff's claim against Defendant McGuire pursuant to N.Y. Exec. Law § 296(6)—the NYSHRL's prohibition on aiding and abetting discriminatory acts.  (Compl. ¶¶ 99-101.)

        For an aiding and abetting claim to proceed, the predicate unlawful conduct must first be established.  <u>See</u> <u>Dasrath v. Stony Brook Univ. Med. Ctr.</u>, 965 F. Supp. 2d 261, 275 (E.D.N.Y. 2013) (dismissing § 296(6) claim on a motion to dismiss, because plaintiff failed to allege "the conduct by the individual defendant that allegedly constituted aiding and abetting and the exact violation that the conduct is alleged to have aided and abetted.")  Plaintiff here claims that "[d]efendants engaged in an unlawful discriminatory practice in violation of New York State Executive Law § 296(6) by aiding, abetting, inciting, compelling and coercing the <u>discriminatory conduct</u>." (Compl. ¶ 101) (emphasis added).  Because paragraph 99 of the Complaint incorporates by reference all of the Complaint's preceding allegations, the Court reads paragraph 101 to allege that the predicate "discriminatory conduct" is the retaliatory conduct allegedly undertaken by "Defendants, including Defendant MCGUIRE" (i.e. using the mediation and the preceding conference call "in bad faith to lure Plaintiff to the EEOC offices, so that Plaintiff could be arrested under the false accusation.").  (Compl. ¶ 66.)

        The question here, therefore, is whether Plaintiff has sufficiently pleaded that Defendant McGuire aided and abetted the requisite predicate retaliatory conduct.

        <u>Retaliation</u>

        Under New York State Executive Law § 296(7), "[i]t shall be an unlawful discriminatory practice for any person engaged in any activity to which this section applies to retaliate or discriminate against any person because he or she has opposed any practices

forbidden under this article or because he or she has filed a complaint, testified or assisted in any proceeding under this article."

To state a claim for relief for retaliation under the NYSHRL, a plaintiff must allege that "(1) she has engaged in protected activity, (2) her employer was aware that she participated in such activity, (3) she suffered an adverse employment action based upon her activity, and (4) there is a causal connection between the protected activity and the adverse action."  Harper v. New York City Hous. Auth., 673 F. Supp. 2d 174, 181 (S.D.N.Y. 2009) (citing Forrest v. Jewish Guild for the Blind, 3 N.Y.3d 295, 312–313, 786 N.Y.S.2d 382, 395–396, 819 N.E.2d 998, 1011–12 (2004)).  At this stage, plaintiff need not establish a prima facie case of discrimination, but must nonetheless allege facts stating plausibly a claim of retaliation.  Holland v. City of New York, No. 10 Civ. 2525(PKC)(RLE), 2011 WL 6306727, at *9 (S.D.N.Y. Dec. 16, 2011) (citing Boykin v. KeyCorp, 521 F.3d 202, 213–14 (2d Cir. 2008)).

Plaintiff filed an EEOC complaint (EEOC Charge No. 520-2013-00169), for the alleged discrimination against him at work.  Filing a complaint is protected activity under the NYSHRL.  Davis-Bell v. Columbia Univ., 851 F. Supp. 2d 650, 682 (S.D.N.Y. 2012).  The complaint effectively alleges that Defendants were aware of this complaint, since the March 19 mediation was scheduled in connection with the complaint.  Plaintiff further alleges that he had filed affidavits in support of a discrimination lawsuit against Defendants by a former coworker.

The principal issue here is whether Plaintiff suffered an "adverse employment action."  Plaintiff's retaliation claim under the NYSHRL is analyzed pursuant to Title VII principles.  See Hicks v. Baines, 593 F.3d 159, 164 (2d Cir. 2010) (analyzing plaintiff's NYSHRL claims pursuant to Title VII principles); Reed v. A.W. Lawrence & Co., Inc., 95 F.3d 1170, 1177 (2d Cir. 1996) ("We consider [plaintiff's] state law claims in tandem with her Title

VII claims because New York courts rely on federal law when determining claims under the New York [State] Human Rights Law.").  Title VII includes an anti-retaliation provision which makes it unlawful "for an employer to discriminate against any . . . employee[ ] or applicant[ ] . . . because [that individual] opposed any practice" made unlawful by Title VII or "made a charge, testified, assisted, or participated in" a Title VII investigation or proceeding.  42 U.S.C. § 2000e-3(a).  This provision applies broadly to "employer actions that would have been materially adverse to a reasonable employee or job applicant."  Hicks, 593 F.3d at 165 (citing Burlington Northern & Santa Fe Railway Co. v. White, 548 U.S. 53, 57 (2006)).  The alleged retaliatory act need not bear on the terms or conditions of employment; the proper inquiry is whether "the employer's actions [were] harmful to the point that they could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Hicks, 593 F.3d at 169 (citing White, 548 U.S. at 57).  Under these principles, Plaintiff has sufficiently alleged an "adverse employment action."  Defendants' alleged conduct of "luring" Plaintiff to the mediation and instigating an allegedly false arrest "could well dissuade a reasonable worker from making or supporting a charge of discrimination."  Id.

Defendants contend, however, that the EEOC charge occurred too long (over five months) before Defendants' retaliatory act to establish a causal connection between the protected activity and the adverse action.  The Second Circuit "has not drawn a bright line to define the outer limits beyond which a temporal relationship is too attenuated to establish a causal relationship between the exercise of a federal constitutional right and an allegedly retaliatory action."  Gorman-Bakos v. Cornell Co-op Extension of Schenectady Cnty., 252 F.3d 545, 554 (2d Cir. 2001).  But see Garrett v. Garden City Hotel, Inc., No. 05 Civ. 0962(JFB)(AKT), 2007 WL 1174891, at *21 (E.D.N.Y. Apr. 19, 2007) ("[D]istrict courts in this Circuit have

consistently held that a passage of more than two months between the protected activity and the adverse employment action does not allow for an inference of causation.").  However, in the instant case, temporal proximity is not the only basis for an inference of the requisite causal connection.  The very fact that the mediation session was scheduled as a response to the EEOC charge is indicative of a direct connection.  Furthermore, the five-month delay between the EEOC charge and the retaliatory conduct can be explained by the fact that the allegedly retaliatory action was timed to coincide with the EEOC mediation.  See Grant v. Bethleham Steel Corp., 622 F.2d 43, 45–46 (2d Cir. 1980) (eight-month gap between EEOC complaint and retaliatory action explained by plaintiff's binding eight-month job assignment).

Therefore, Plaintiff has sufficiently pleaded facts supporting the requisite predicate conduct, here, retaliatory conduct.

Aiding and Abetting

A claim of aiding and abetting under N.Y. Exec. Law § 296(6) requires "a showing that the defendant actually participated in the conduct giving rise to the claim of discrimination." Fried v. LVI Servs., Inc., No. 10 Civ. 9308(JSR), 2011 WL 2119748, at *7 (S.D.N.Y. May 23, 2011) (citing Brice v. Sec. Operations Sys., Inc., No. 00 Civ. 2438(GEL), 2001 WL 185136, at *4 (S.D.N.Y. Feb.26, 2001)).  "Aiding and abetting liability requires that the aider and abettor share the intent or purpose of the principal actor, and there can be no partnership in an act where there is no community of purpose.  Consequently, to find a defendant actually participated in the discriminatory conduct requires a showing of direct, purposeful participation." Id.

Plaintiff, citing the EEOC determination in connection with Plaintiff's retaliation charge for his arrest (EEOC Charge No. 520-2013-01555), alleges that Defendant McGuire

"stated that he wanted to make an example of [Plaintiff] and that he had sent a copy of the

mediation confirmation notice to the detectives."  (Compl. ¶ 69.)  This, the Court finds, is

sufficient to allege "direct, purposeful participation" by Defendant McGuire.

Plaintiff has hence sufficiently pleaded the predicate retaliatory conduct and

factual support for his claim that Defendant McGuire aided and abetted the retaliatory conduct.

Accordingly, Defendant McGuire's motion to dismiss Plaintiff's aiding and abetting claim under

the NYSHRL (Seventh Cause of Action) is denied.

False Arrest Claim Under New York Law Against Defendants (excluding McGuire)[2]

To establish a cause of action for false arrest under New York law, a plaintiff must show

that "(1) the defendant intended to confine [him], (2) the plaintiff was conscious of the

confinement, (3) the plaintiff did not consent to the confinement and (4) the confinement was not

otherwise privileged."  Paul v. Bank of Am. Corp., No. 09 Civ. 1932(ENV)(JMA), 2011 WL

684083, at *6 (E.D.N.Y. Feb. 16, 2011) (citing Rheingold v. Harrison Town Police Dep't, 568 F.

Supp. 2d 384, 389 (S.D.N.Y. 2008).  "To prove intent, the defendant must have either (a)

confined or intended to confine the plaintiff or (b) affirmatively procured or instigated the

plaintiffs' arrest."  King v. Crossland Sav. Bank, 111 F.3d 251, 255 (2d Cir. 1997).

---

[2]      Plaintiff states, in his opposition brief, that his "Complaint demonstrates
numerous bases to support his claim of Civil False Arrest against Defendant
McGuire, as well as all Defendants generally."  Pl.'s Mem. Opp'n 9.  However,
Plaintiff's Complaint states that "[t]he only cause of action against Defendant
McGuire is for aiding and abetting interference with Plaintiff's protected rights."
(Compl. ¶ 78.)  Plaintiff's attempt to include McGuire as a defendant in the false
arrest claim is, in effect, an attempt to amend his complaint to assert a new claim
against a defendant.  This is not a valid means of amending a complaint.  The
Court construes Plaintiff's false arrest claim as asserted only against Defendants
Marc and Lori Balter, and not against Defendant McGuire.  See Lazaro v. Good
Samaritan Hosp., 54 F. Supp. 2d 180, 184 (S.D.N.Y. 1999) ("[I]t is axiomatic that
the Complaint cannot be amended by briefs in opposition to a motion to
dismiss.")  (citing O'Brien v. Nat'l Prop. Analysts Partners, 719 F. Supp. 222, 229
(S.D.N.Y. 1989)).

Plaintiff's allegation that Defendants Marc and Lori Balter knowingly provided false statements to the police, which led to Plaintiff's arrest, is sufficient to plead the requisite intent.  (Compl. ¶ 113.)  See Paul, 2011 WL 684083 at *7 ("Common sense commands the conclusion that if defendants intentionally provided the police with [false] information that plaintiff is pleading that defendant provided such information with the intent of instigating her arrest and confinement.").  Plaintiff further asserts that McGuire, acting as an "agent" of the Balters, notified the police of the mediation in order to "make an example" of Plaintiff.  (Compl. ¶ 21, 69.)  Accordingly, Plaintiff has met the Twombly plausibility standard in pleading the Balters' intent to instigate his arrest and confinement.

Since Plaintiff was evidently conscious of the confinement and did not consent to it, the next issue is whether Plaintiff has adequately alleged that the confinement was not otherwise privileged.  A confinement is privileged if it is supported by probable cause.  See Bernard v. United States, 25 F.3d 98, 102 (2d Cir. 1994) (finding that probable cause is a complete defense to a false arrest claim).  Under New York law, an action for false arrest does not arise when a private individual "merely seek[s] police assistance or furnishes information to law enforcement authorities."  Du Chateau v. Metro-North Commuter R.R. Co., 253 A.D.2d 128, 131, 688 N.Y.S.2d 12, 15 (1st Dep't 1999).  On the other hand, private defendants may be held liable for false arrest where the defendants "lacked reasonable cause for their belief in the plaintiff's culpability."  Rivers v. Towers, Perrin, Forester & Crosby, Inc., No. 07 Civ. 5441(DGT)(RML), 2009 WL 817852, at *4 (E.D.N.Y. Mar. 27, 2009) (citing Weintraub v. Board of Educ. of the City of New York, 423 F. Supp. 2d 38, 56 (E.D.N.Y. 2006)).

Defendants here argue that Plaintiff cannot make out a false arrest claim as a matter of law because Plaintiff has not sufficiently pled Defendants' lack of reasonable cause for

belief in Plaintiff's culpability.  "At the pleading stage, however, plaintiff does not have to explain why defendants lacked probable cause or support the general allegation."  Paul, 2011 WL 684083 at *8.  Plaintiff alleges that "[d]efendants lacked reasonable cause for [their] belief that Plaintiff was guilty of stealing money from them," and further alleges that Defendants knew that the statements that "led to Plaintiff's arrest were false at the time they were made."  (Compl. ¶ 113.)  The absence of reasonable cause is sufficiently pled.

Accordingly, Defendants' motion to dismiss Plaintiff's false arrest claim (Eleventh Cause of Action) is denied.

Plaintiff's Request for Leave to Amend

In the final sentence of his opposition to Defendants' Motion to Dismiss, Plaintiff requests permission for leave to file an amended Complaint.  Paragraph A.2.b(iii) of the Individual Practice Rules of the undersigned provides:

> Within seven (7) days after a motion pursuant to Rule 12(b)(6) or 12(c) is filed, the non-moving party must make, by letter delivered to Chambers and copied to all parties via fax or hand delivery, any request for leave to amend (further) in response to the motion or state that it will file its opposition to the motion without further amendment.  If no letter is submitted to the Court within seven (7) days, the motion will be briefed in accordance with Local Civil Rule 6.1.  If leave to amend is requested, briefing on the motion is stayed pending the Court's resolution of the request.  No further opportunity to amend the challenged pleading in light of arguments raised in the motion will be granted, whether or not the non-moving party seeks leave to amend in response to the motion.

Plaintiff did not request leave to amend within seven days after the motion was filed.  Additionally, Plaintiff's request to amend his Complaint contains no indication of what additional facts or information an amended complaint would contain, or what bearing any such facts would have on Plaintiff's claims.  Accordingly, Plaintiff's request for leave to amend the Complaint is denied.  See Algarin v. City of New York, No. 12 Civ. 1264 (LTS), 2012 WL

4814988, at *4 (S.D.N.Y. Oct. 10, 2012) (denying Plaintiff's request for leave to amend the complaint).

<u>CONCLUSION</u>

For the foregoing reasons, the Court (i) grants Defendants' motion to dismiss the FMLA claims (First and Second Causes of Action); (ii) denies Defendants' motion to dismiss the NYSHRL claim against Defendant McGuire (Seventh Cause of Action); and (iii) denies Defendants' motion to dismiss the false arrest claim (Eleventh Cause of Action).  Plaintiff's request for leave to amend the Complaint is denied.

The initial pre-trial conference in this case is scheduled for December 12, 2014, at 10:00 AM.  The parties must consult in advance of the conference and file a joint preliminary pre-trial statement in accordance with the Initial Conference Order (docket entry no. 3).  This Memorandum Order resolves docket entry number 9.

SO ORDERED.

Dated: New York, New York
           December 1, 2014

/s/      Laura Taylor Swain
LAURA TAYLOR SWAIN
United States District Judge